# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

―――――――

No. 15-50171
Summary Calendar

―――――――

United States Court of Appeals
Fifth Circuit

**FILED**
November 5, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE JESUS OLVERA ROMERO,

Defendant-Appellant

Cons. w/No. 15-50211

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JESUS OLVERA-ROMERO, also known as J. Jesus Olvera-Romero,

Defendant-Appellant

―――――――

Appeals from the United States District Court
for the Western District of Texas
USDC No. 2:14-CR-715-1
USDC No. 2:14-CR-78-1

―――――――

15-50171

Before SMITH, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:*

Jose Jesus Olvera Romero (Olvera) appeals the sentences imposed following his guilty plea conviction for illegal reentry after prior removal and the revocation of a previous term of supervised release.  He maintains that the combined 48-month sentence was greater than necessary to satisfy the sentencing goals set forth in 18 U.S.C. § 3553(a) because U.S.S.G. § 2L1.2, the guideline that applies to illegal-reentry offenses, is not empirically based and results in prior convictions, including those that are too remote to be included in the criminal history calculation, being unduly weighed.  Olvera argues that sentences under § 2L1.2 are not entitled to a presumption of reasonableness because the guideline is not empirically based; as he concedes, that argument is foreclosed.  *See United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009).  He further argues that his sentence, which was greater than necessary to provide adequate deterrence and to protect the public, overstated the seriousness of his illegal-reentry offense, undermined respect for the law, and failed to provide just punishment.

Olvera did not object to his sentences after their imposition and, thus, plain error review typically applies.  *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).  However, because Olvera's substantive reasonableness claims fail even under the ordinary standard, the standard of review is not dispositive.  *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008).  To the extent that Olvera contends that no objection is needed to preserve the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2

issue of the substantive reasonableness of a sentence, that argument, as he concedes, is foreclosed. *See Peltier*, 505 F.3d at 391-92.

The 42-month sentence imposed for Olvera's illegal-reentry offense was within the guidelines range and, therefore, is entitled to the presumption of reasonableness. *See United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006). The record reflects that the district court's sentencing decision was based upon an individualized assessment of the facts in light of the § 3553(a) factors. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The district court's decision is entitled to deference, and we may not reweigh the § 3553(a) factors. *Id*. at 51-52. Olvera's claim that his sentence is unreasonable because § 2L1.2 lacks an empirical basis and inordinately weighs prior convictions, including those too remote to receive criminal history points, is unavailing. *See United States v. Rodriguez*, 660 F.3d 231, 234 (5th Cir. 2011); *United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009). We have rejected challenges that are based upon the alleged triviality of illegal-reentry offenses. *See United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006). Thus, Olvera has not rebutted the presumption of reasonableness. See *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

To the extent that Olvera separately challenges the reasonableness of his revocation sentence, he has not shown that the within-guidelines six-month sentence was plainly unreasonable. *See United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011). The district court had the discretion to order the sentences to be served consecutively. *See United States v. Whitelaw*, 580 F.3d 256, 260-61 (5th Cir. 2009); *see also* 18 U.S.C. § 3584(a); U.S.S.G. § 7B1.3(f) & comment. (n.4), p.s. Because the sentence fell within the advisory policy range and was consistent with the Guidelines' policy with regard to consecutive sentences, it is entitled to a presumption of reasonableness. *See* U.S.S.G. § 7B1.1(a)(2);

§ 7B1.4; *United States v. Candia*, 454 F.3d 468, 472-73 (5th Cir. 2006).  Olvera has failed to show that the district court abused its discretion by imposing the consecutive sentence and has not rebutted the presumption of reasonableness. *See United States v. Lopez-Velasquez*, 526 F.3d 804, 809 (5th Cir. 2008).

AFFIRMED.